IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM B. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-2763 |
| | § | |
| METROPOLITAN TRANSIT | § | JURY DEMANDED |
| AUTHORITY OF HARRIS COUNTY | § | |
| | § | |
| Defendant, | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**NOW COMES,** William B. Hernandez (hereinafter "Plaintiff"), files this Original Complaint against Metropolitan Transit Authority of Harris County ("METRO"). (Hereinafter "Defendant"), and would show the Court as follows:

**I.
PARTIES**

1. Plaintiff William Hernandez is a United States Citizen and a resident of the State of Texas.

2. Defendant is Metropolitan Transit Authority of Harris County, Texas. METRO is a local transit authority created pursuant to Texas law. METRO may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its President and Chief Executive Officer, Thomas C. Lambert, at 1900 Main Street, Houston, Texas 77002, or wherever else he may be found.

## II.
## JURISDICTION

3. The Court has jurisdiction over the lawsuit because the case arises under 28 U.S.C. § 1331 because Plaintiff alleges a claim arising under the laws of the United States.

4. This Court has personal jurisdiction over the Defendant because it is a creature of Texas law and because it continuously and systemically does business within the state of Texas. Moreover, METRO employed (and still employs) the Plaintiff within the state of Texas.

## III.
## VENUE

5. Venue is proper before this Court because all or a substantial part of the events or omissions giving rise to the claims arose within this judicial district.

## IV.
## FACTS

6. Plaintiff William Hernandez is a decorated law enforcement professional with over thirty-two (32) years of experience. Mr. Hernandez has served as both a Patrol Sergeant and a Patrol Lieutenant during the course of his career. He has spent the past twenty (20) years at METRO.

7. He holds the highest certifications issued by the Texas Commission Law Enforcement Officer Standards and Education ("TCLEOSE") and has completed over 5,360 hours of in-service specialized training.

8. Mr. Hernandez has also spent his personal time preparing himself for advancement opportunities at METRO. He has attended he management and leadership courses at colleges and universities throughout the region including Sam Houston State University, The

University of Houston and Houston Community College.

9. Despite his outstanding qualifications and experience, Mr. Hernandez has consistently been denied promotional opportunities at METRO. He was separately denied promotion to the position of Lieutenant and Sergeant in 2009 and 2010. After recognizing that many of his Non-Hispanic colleagues were receiving promotion to these same positions, Mr. Hernandez decided to file an EEOC charge of discrimination. He subsequently filed a lawsuit against METRO in February of 2011 based on race, age and national origin discrimination.

10. Mr. Hernandez continued to work and perform exceptionally for METRO despite his participation in the lawsuit. METRO however, was unable to look past Mr. Hernandez' race or his filing of an employment discrimination lawsuit.

11. METRO again denied Mr. Hernandez promotion to Lieutenant and Sergeant in 2011. He applied and tested for promotion to Captain in 2012. Despite being one of only four qualified candidates during the initial phase of the selection process, Mr. Hernandez was ultimately not selected due to complaints of discrimination at METRO raised by African-American officers. As a result of the investigation into its promotional practices and negative media attention, METRO changed its internal policies to favor African-American candidates for Captain.

12. After being denied the promotion to Captain, Mr. Hernandez approached METRO officials for feedback on his application for promotion. Despite his thirty (30) years in law enforcement, METRO officials stated that Mr. Hernandez had been denied promotion due to his "lack of progressive law enforcement experience."

13. In April of 2012 Mr. Hernandez applied for a vacant Lieutenant position at

METRO.  Once again, in response to both internal and external pressure METRO modified its minimum qualifications to benefit African-American candidates.  Mr. Hernandez had previously qualified for promotion to Lieutenant in November 1998, March 2004 and July 2011.  Despite the fact that he had already met the minimum experience threshold under a previous system, (with higher requirements) Mr. Hernandez was denied promotion to Lieutenant.

14. In August of 2012, Mr. Hernandez was denied promotion to Sergeant by METRO.  Although he had achieved the third highest score on the written portion of the promotional examination, METRO claimed that Mr. Hernandez had not passed the "Assessment Center In-Basket Exercises" portion.  This part of the examination was graded subjectively by management officials at METRO familiar with Mr. Hernandez' lawsuit.  In reviewing this portion of the examination, METRO officials intentionally excluded certain responses and committed obvious mathematical errors in an effort to lower Mr. Hernandez' score.

15. Mr. Hernandez again sought feedback on the denial of his promotion from METRO officials.  This time in response, Mr. Hernandez was told that he "would never be promoted at METRO" due to his filing a charge of discrimination and subsequent lawsuit.

**V.
CONDITIONS PRECEDENT**

16. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission Civil Rights Division ("TWC-CRD") and Plaintiff's Petition is filed within ninety days of Plaintiff's receipt of the EEOC's issuance of a right to sue letter.  Thus, Mr. Hernandez has exhausted his administrative remedies with respect

to his discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended.

## VI.

## CAUSES OF ACTION

### TITLE VII RACE AND NATIONAL ORIGIN DISCRIMINATION

17. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "fail or refuse to hire or to discharge an individual, or otherwise discriminate against any individual because of that individual's race or national origin." *See* 42 U.S.C. § 2000e-2.

18. Pursuant to 42 U.S.C. § 2000e-2 Plaintiff pleads a cause of action against the Defendant for race and national origin discrimination.

19. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

20. Defendant engaged in discrimination against Plaintiff, a Hispanic-American employee, by denying him promotional opportunities based upon his race.

21. The Plaintiff was denied promotion to Lieutenant, Sergeant and Captain due to changes in METRO's promotional system designed to benefit African-American candidates.

22. Plaintiff alleges that the Defendant denied him promotion or otherwise discriminated against him in violation of Title VII of the Civil Rights Act of 1964.

### TITLE VII RETALIATION

23. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual who has opposed any practice made unlawful under the

statute." *See* 42 U.S.C. § 2000e-3(a).

24. Pursuant to 42 U.S.C. § 2000e-3(a) Plaintiff pleads a cause of action against the Defendant for retaliation.

25. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

26. Plaintiff engaged in protected activity by filing a charge of racial discrimination and a lawsuit against METRO.

27. In response to these activities, the Defendant denied him promotion to the positions of Lieutenant, Sergeant and Captain.

28. Plaintiff's charge of discrimination and subsequent lawsuit were motivating factors of the Defendant's refusal to promote him.

29. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

30. Plaintiff alleges that the Defendant failed to promote him or otherwise retaliated against him in violation of Title VII of the Civil Rights Act of 1964.

### SECTION 1981 RACIAL DISCRIMINATION

31. The Civil Rights Act of 1866 prohibits discrimination against any individual because of that individual's race. *See* 42 U.S.C. § 1981.

32. Pursuant to 42 U.S.C. § 1981 Plaintiff pleads a cause of action against the Defendant for racial discrimination.

33. The allegations contained in all paragraphs of this complaint are hereby

incorporated by reference with the same force and effect as if set forth verbatim.

34. Defendant denied Mr. Hernandez promotion to the positions of Lieutenant, Sergeant and Captain based upon his race.

35. After receiving the Plaintiff's application(s) for promotion to Lieutenant and Captain, METRO changed its internal policies specifically to benefit African-American candidates.

36. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

37. Plaintiff alleges that the Defendant failed to promote him or otherwise discriminated against him in violation of Section 1981 of the Civil Rights Act of 1866.

## SECTION 1981 RETALIATION

38. The United States Supreme Court has held that Section 1981 of the Civil Rivil Rights Act of 1866 protects employees against retaliation if they complain about a violation of section." *See CBOCS West, Inc. v. Humphries,* 128 S.Ct. 1951 (2008).

39. Pursuant to the Supreme Court's holding in *CBOS West, Inc. v. Humphries*, Plaintiff pleads a cause of action against the Defendant for Section 1981 retaliation.

40. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

41. Plaintiff engaged in protected activity by filing a charge of racial discrimination and a lawsuit against METRO.

42. In response to these activities, the Defendant denied him promotion to the positions of Lieutenant, Sergeant and Captain.

43. Plaintiff's charge of discrimination and subsequent lawsuit were motivating factors of the Defendant's refusal to promote him.

44. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

45. Plaintiff alleges that the Defendant failed to promote him or otherwise retaliated against him in violation of Section 1981 of the Civil Rights Act of 1866.

## VII.
## DAMAGES

46. Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for his mental anguish and pain and suffering he has suffered, continues to suffer, and will suffer in the future.

47. Additionally, as a result of Defendant's above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce his legal rights. Accordingly, Plaintiff also seeks compensation for the attorney's fees, as well as out-of-pocket expenses, expert fees and costs of Court he will have incurred in this action.

## VIII.
## PUNITIVE DAMAGES

48. Plaintiff would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to his protected rights. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions in the future, Plaintiff also seeks recovery from Defendant punitive damages to the extend provided by law.

## IX.
## JURY DEMAND

49. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## X.
## PRAYER

50. For the reasons set forth above, Plaintiff, William Hernandez respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; **punitive damages (to the extent permitted by law)**, together with interest as allowed by law; costs of court; attorney's fees and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No: 713316
5433 Westheimer Rd., Suite 825
Houston, TX 77056
(713)742-0900 (main)
(713)742-0951 (facsimile)
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**


**OF COUNSEL FOR PLAINTIFF**



Ronald Dupree
Texas Bar No. 24055433
Ronald.dupree@kennardlaw.com
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951